United States District Court
Middle District of Florida
Jacksonville Division

**ABRAHAM T. PRIDGEON,**

    *Plaintiff,*

v.                                                   **NO. 3:16-cv-473-J-34PDB**

**STATE OF FLORIDA,**

    *Defendant.*

---

## Report & Recommendation

Abraham Pridgeon, proceeding without a lawyer, is a defendant in a pending state criminal action. To initiate an action in this Court, he filed an unsigned document entitled, "Notice of Removal Petition (for) Extraordinary Writ." Doc. 1. Before the Court are motions for leave to proceed in forma pauperis, Doc. 2, to clarify why the case has been classified as civil, Doc. 4, and for appointment of counsel under 18 U.S.C. § 3006A ("Adequate representation of defendants"), Doc. 5. In addition to the notice of removal and motions, he has sent handwritten notes describing communications with his psychologist, Doc. 6, and the wasting of food at his place of confinement, Doc. 7. I recommend remand.

I.   Background

A.   *Pending State Criminal Case*[1]

The criminal case against Pridgeon is pending in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida *See State of Florida v. Abraham Theodore Pridgeon, Jr.*, No. 16-2015-CF-9317-AXXX. The state docket sheet is attached. On November 17, 2015, he pleaded not guilty to charges of battery on a law enforcement officer, in violation of Fla. Stat. § 784.07(2)(B), and obstruction of a highway to solicit, in violation of Fla. Stat § 316.2045(2). *See* state docket entries 35 and 36. The public defender's office represents him in that case. On February 4, 2016, the state court, based on an evaluation from William Meadows, Ph.D., found him incompetent and committed him to the Department of Children and Family Services to be placed in a mental health treatment facility. *See* state docket entries 59, 60, 63. The state court retained jurisdiction and set a hearing on competency for August 3, 2016. *See* state docket entry 63. The state incompetency order is attached.

---

[1] At any stage and on its own, a court may judicially notice a fact that cannot be reasonably disputed because it is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. If a court takes judicial notice of a fact before notifying a party, the party still may be heard upon request. Fed. R. Evid. 201(e). Objections to a magistrate judge's report and recommendation provide an opportunity to be heard. *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008). "Courts may take judicial notice of publically filed documents, such as those in state court litigation." *U.S. ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015). Here, the Court may judicially notice facts about the procedural posture of and orders entered in Pridgeon's state case because they can be readily and accurately determined from sources whose accuracy cannot be reasonably questioned.

B.     *Filings in this Court*[2]

Pridgeon captions the removal notice, Doc. 1, and the motion for leave to proceed in forma pauperis, Doc. 2, "State of Florida vs. Abraham T. Pridgeon." He captions the motion to clarify, Doc. 4, and motion for appointment of counsel, Doc. 5, "Abraham T. Pridgeon vs. State of Florida."

Pridgeon filed the removal notice on April 18, 2016. Doc. 1. In it, he cites as bases for subject-matter jurisdiction 28 U.S.C. § 1331 ("Federal question"), 28 U.S.C. § 1391(b)(2) ("Venue generally"), 28 U.S.C. § 1441 ("Removal of civil actions"), 28 U.S.C. § 1651(a) ("Writs"), 28 U.S.C. § 2241 ("Power to grant writ"), 28 U.S.C. § 2283 ("Stay of State court proceedings"), and 28 U.S.C. § 2284 ("Three-judge court; when required; composition; procedure"). Doc. 1 at 1.

In the removal notice, Pridgeon states he is 53 years old, a United States citizen, and "Social Security certified" disabled. Doc. 1 at 1, 4. He explains the circumstances of his arrest. Doc. 1 at 3−5. He was panhandling on a public median; a motorcyclist told him to leave or he would return to arrest him; he responded, "Good I'll be able to get something to eat"; the motorcyclist returned and ordered him to the ground; a confrontation ensued; and police intervened. Doc. 1 at 3−5. He contends he was exercising his rights to free speech, bear arms, stand his ground, and use public roadways. Doc. 1 at 3−5. He complains that as a 170-pound "true disabled person," he could not have been a threat to a "skillfully/tactically trained" officer. Doc. 1 at 10. He asserts he should have been "Baker Act[e]d," not charged with crimes. Doc. 1 at

---

[2]Quotations from Pridgeon's filings do not reflect the capitalization he uses.

10. He contends he was "discriminately deprived of his liberty and further deprived of equal protection of the laws and congressional intent." Doc. 1 at 2. He argues defense counsel has been ineffective in failing to preserve videos from nearby business cameras, verify his medications, and argue mitigating factors. Doc. 1 at 5–7. He claims confinement has put him in "imminent danger" of having to go through the lengthy recertification process with the Social Security Administration. Doc. 1 at 8–9. He claims that, by confining him, Duval County, through legal and medical representatives, has been deliberately indifferent to his medical needs. Doc. 1 at 9.

In the motion for leave to proceed in forma pauperis, Pridgeon details his financial condition and specifies the relief he seeks: "immediate release—discharge to lesser restrictive [environment] as enjoyed by other similarly situated mentally ill persons subject to criminal prosecution," and an "order 'reinstating benefits' social security." Doc. 2 at 1–2.

In the motion to clarify why this case has been classified as civil, Doc. 4, Pridgeon explains he "filed a notice of removal pursuant to 28 USC 1441 et seq on a federal question of importance in a criminal prosecution pending before the Duval County Judicial Circuit Court—Jacksonville, Florida." Doc. 4 at 1. He sets forth "questions federal in nature presented for criminal adjudication":

1. Does public "panhandelling" [sic] constitute a freedom of speech right protected from abridgment by 1st Amendment of the United States Constitution?

    a. (It's 2016—and the issue has not been properly answered in a federal court—as the incarceration of the poor, daily is discriminatory as McDonald's and other retailers in no panhandelling [sic] zones have "contribution plates" seeking

  donations for cancer research, March of Dimes etc on there [sic] counters.

2. Does Mr[.] Pridgeon posses [sic] a property interest in a public funded road—as protected by the 5th/14th Amendment due-process clause of the United States Constitution?

 a. That is, can Mr[.] Pridgeon lawfully stand in the median of a roadway and seek contributions for basic necessities of life—such as food, clothing and shelter when the light turns red?

Doc. 4 at 1. He concludes: "Wherefore is this a civil or criminal prosecution—removal case—as Mr[.] Pridgeon has no pending civil case in Duval County, Florida (and) the case # herein should contain a criminal case #." Doc. 4 at 1.

In the motion for appointment of counsel, Pridgeon appears to contend he needs counsel because Craig Gilbert, a current or former fellow detainee at the North Florida Evaluation Treatment Center, is already representing many mentally ill persons and cannot continue to represent him. Doc. 5 at 1.[3]

---

[3]In the motions to proceed in forma pauperis and for appointment of counsel, Pridgeon cites several cases, mostly from the United States District Court for the Southern District of Florida, and many involving Gilbert as a party. *See Gilbert v. Robinson*, No. 0:16-cv-60076-RLR (S.D. Fla.); *Cesar v. Florida*, No. 0:16-cv-60337-BB (S.D. Fla.); *Gilbert v. U.S. Att'y Gen.*, No. 0:16-cv-60443-JAL (S.D. Fla.); *Gilbert v. Florida*, No. 1:15-cv-22747-RNS (S.D. Fla.); *Gilbert v. Adm'r, S. Fla. Evaluation and Treatment Ctr.*, No. 0:15-cv-61957-DPG (S.D. Fla.); *Hernandez v. GEO Grp. Inc.*, No. 1:15-cv-22480-KMM (S.D. Fla.); *Pena v. Secretary, Fla. Dep't of Children and Families*, No. 1:15-cv-23462-KMW (S.D. Fla.); *Mangual v. Broward Cty. Sheriff*, No. 0:15-cv-62540-WPD (S.D. Fla.); *Gilbert v. U.S. Att'y for the S. Dist. of Fla.*, No. 0:14-cv-62936-CMA (S.D. Fla.); *Gilbert v. Florida*, No. 0:14-cv-62484-WPD (S.D. Fla.); *Gilbert v. Kerry*, No. 2:16-cv-444-SRB-JZB (D. Ariz.). The docket sheets in some of the cases show the North Florida Evaluation and Treatment Center as Gilbert's address. *See, e.g.*, *Gilbert v. Robinson*, No. 0:16-cv-60076-RLR (S.D. Fla.). The handwriting in some of the filings in some of the cases matches the handwriting in some of the filings in this case.

In one of the notes mailed to the Court, Pridgeon states his psychologist conveyed that his psychologist had talked to the arresting officer and the officer explained he had tried to grab Pridgeon by the hand but Pridgeon had moved away. Doc. 6 at 1. Pridgeon contends the officer had not been in uniform or wearing a badge or radio and surmises the officer was trying to get him to fight or make a threat. Doc. 6 at 1–2. In the other note mailed to the Court, Pridgeon complains his place of confinement throws away food to keep people from eating extra and appears to contend the "theft" of food is "racketeering." Doc. 7 at 1–2. He adds unnamed persons plan to "attack the [w]hole world." Doc. 7 at 2.

## II. Law & Analysis

### A. Competency

Federal Rule of Civil Procedure 17(c)(2) requires a court to appoint a guardian ad litem or issue "another appropriate order" to protect an incompetent person who is unrepresented in an action. A court may abuse its discretion if, presented with evidence from a court or mental health professional indicating incompetency, it fails to consider Rule 17(c)(2). *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012); *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003). If a plaintiff is incompetent and unrepresented, the court cannot dismiss his claims on the merits. *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009); *Gardner by Gardner v. Parson*, 874 F.2d 131, 141 (3d Cir. 1989).

Here, the state court incompetency order based on Dr. Meadows's evaluation provides a basis to find Pridgeon incompetent to bring an action in this Court.

Nevertheless, appointment of a guardian ad litem or another order under Rule 17(c)(2) is unnecessary because remand is clearly warranted, this Court clearly lacks subject-matter jurisdiction, and there is no reason to decide anything on the merits.

### B. Removal

"The right to remove a case from a state to a federal court is purely statutory." 14B Fed. Prac. & Proc. Juris. § 3721 (4th ed.). None of the statutes Pridgeon cites permit removal of the state criminal action against him. *See* Doc. 1 (citing 28 U.S.C. §§ 1331, 1391, 1441, 1651, 2241, 2283, 2284).[4] The statute governing the removal of state criminal actions involving civil rights is 28 U.S.C. § 1443 ("Civil rights cases").[5] It provides:

> Any of the following … criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

---

[4]Section 1331 provides district courts with original jurisdiction over civil actions arising under federal law. Section 1391 governs venue for civil actions. Section 1441 governs removal of state civil actions to federal court. Section 1651 authorizes federal courts to issue writs necessary or appropriate in aid of their respective jurisdictions. Section 2241 authorizes federal courts the power to grant writs of habeas corpus. Section 2283 prohibits federal courts from enjoining state court actions unless authorized by statute, if necessary in aid of its jurisdiction, or to protect or effectuate judgments. Section 2284 authorizes district courts of three judges for actions challenging legislative apportionment.

[5]Certain state criminal cases against federal officers, federal agencies, or members of the armed forces may also be removed. *See* 28 U.S.C. §§ 1442 ("Federal officers or agencies sued or prosecuted"), 1442a ("Members of armed forces sued or prosecuted"). Pridgeon does not contend he is a federal officer or member of the armed forces. *See generally* Docs. 1, 4, 6.

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The statute governing the procedure for removal generally is 28 U.S.C. § 1447. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." *Id.*

The statute governing the procedure for removal of state criminal actions is 28 U.S.C. § 1455. A defendant desiring removal must file a notice of removal in the federal district court and division within which the prosecution is pending. 28 U.S.C. § 1455(a). The filing of a removal notice does not prevent the state court from proceeding "except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1455(b)(3). The federal district court must "examine the notice promptly." 28 U.S.C. § 1455(b)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

The United States Supreme Court has interpreted § 1443 to apply "only to rights that are granted in terms of [racial] equality and not to the whole gamut of constitutional rights." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). For subsection (1) removal, the petitioner must show "the right upon which [he] relies arises under a federal law providing for specific civil rights stated in terms of racial equality" and

8

"he has been denied or cannot enforce that right in the state courts." *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (internal quotation marks omitted). Subsection (2) removal "is available only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966). The removing party has the burden of showing removal is proper. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Here, removal of the pending state criminal action is unwarranted. Pridgeon has not shown the requirements for subsection (1) removal; in other words, he has not shown that the state court has denied him a federal right stated in terms of racial equality and that he has been denied or cannot enforce that right in state court. And he has not shown that he is a federal officer or person assisting a federal officer eligible for subsection (2) removal. Because removal is improper and this Court lacks subject-matter jurisdiction to preside over the pending state criminal action, I recommend remand to the state court. *See* 28 U.S.C. §§ 1447(c), 1455(b)(4).[6]

---

[6]The removal notice also suffers from procedural defects. A defendant seeking removal of a state criminal case must include in the removal notice a "short and plain statement of the grounds for removal" signed under Federal Rule of Civil Procedure 11. 28 U.S.C. § 1455(a). And he must file the removal notice within 30 days of the arraignment in state court or at any time before trial, whichever is earlier. 28 U.S.C. § 1455(b)(1). Pridgeon did not sign the removal notice. *See* Doc. 1. It therefore does not comply with removal procedure. *See* 28 U.S.C. § 1455(a). Pridgeon filed the removal notice approximately five months after his state court arraignment. *See* Doc. 1 (filed on April 18, 2016); state court docket entries 35 and 36 (not-guilty pleas entered November 17, 2015). It therefore is untimely. *See* 28 U.S.C. § 1455(b)(1). The State of Florida has not moved for remand based on those procedural defects presumably because Pridgeon has not served the State of Florida with the filings.

C.  **Other Relief**

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). A court must liberally construe a document filed by an unrepresented litigant. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court may ignore a legal label an unrepresented litigant attaches to a filing to avoid unnecessary dismissal, "to avoid inappropriately stringent application of formal labeling requirements," or "to create a better correspondence between the substance of a … claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 791–92 (2003). Although a court must treat a pro se pleading leniently, the court cannot rewrite a deficient pleading for a party or otherwise serve as his de facto counsel. *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Here, beyond the legal label attached to his removal notice, Pridgeon makes clear through the substance of the removal notice, Doc. 1, and the motion for clarification, Doc. 4, that he seeks removal of the pending state court criminal action against him. I therefore recommend deeming this a removal action. But even if his filings could be reasonably construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, an application for a writ of mandamus, a claim under 42 U.S.C. § 1983, or a pleading against the Social Security Administration, allowing the action to proceed would be improper or unwarranted.

*1.    Section 2241*

Section 2241 authorizes a district court to grant a writ of habeas corpus if a petitioner is in state custody in violation of the Constitution or other federal law.[7] 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody."[8] *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494−95 (1973). A § 2241 action should be filed in the district in which the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004). If an action is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district … in which it could have been brought." 28 U.S.C. § 1406(a).

If someone seeks federal habeas corpus relief before a pending state criminal trial, he must satisfy the *Younger* abstention hurdle before the court can grant that relief. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004). In *Younger v. Harris*, the United States Supreme Court established that federal courts should

---

[7]Section 2241, as opposed to 28 U.S.C. § 2254, is the appropriate statute if the prisoner is in pre-trial custody. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261−62 (11th Cir. 2004). Exhaustion of administrative remedies is not a jurisdictional prerequisite to bringing a § 2241 action. *Santiago-Lugo v. Warden,* 785 F.3d 467, 475 (11th Cir. 2015). "What its non-jurisdictional nature means is that a court need not inquire into exhaustion on its own." *Id.*

[8]Because habeas corpus is governed by equitable principles, available relief is not limited to release from confinement. *Brown v. United States*, 748 F.3d 1045, 1065 (11th Cir. 2014).

11

not enjoin pending state criminal prosecutions absent extraordinary circumstances. 401 U.S. 37, 43–44 (1971). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless" (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *Hughes*, 377 F.3d at 1263 & n.6.

As reflected in the address Pridgeon provided to the Court, he is confined in the North Florida Evaluation and Treatment Center in Gainesville, Alachua County, Florida. Alachua County is in the Northern District of Florida, not the Middle District of Florida. *See* MDFL Local Rule 1.02 (listing divisions of the Middle District of Florida), NDFL Local Rule 3.1 (listing divisions of the Northern District of Florida). Even if Pridgeon's filings could be reasonably construed as a petition for a writ of habeas corpus under § 2241, dismissal would be warranted because his place of confinement is not in the Middle District of Florida. Transfer to the Northern District of Florida would be unwarranted because no *Younger* exception would apply to warrant transfer in the interest of justice.

2. *Mandamus*

A request for an order requiring a state court or judge to do or not do something is properly construed as a petition for mandamus. *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007). Mandamus is an extraordinary remedy available only if no other remedy is available. *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1298 (11th Cir. 2004).

Although Federal Rule of Civil Procedure 81(b) abolished writs of mandamus, § 1651 permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). That statute does not create jurisdiction but empowers federal courts to issue writs in aid of jurisdiction previously acquired on some other ground. *Brittingham v. U.S. Comm'r of Internal Revenue*, 451 F.2d 315, 317 (5th Cir. 1971). If mandamus is the only relief sought, a federal court has no jurisdiction to direct state courts or judges in the performance of their duties. *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Thus, for example, dismissal for lack of subject-matter jurisdiction is warranted if the plaintiff seeks from a federal court an order requiring a state court to appoint counsel and provide a copy of a grand-jury transcript to assist in a challenge to her criminal conviction, *Tullis v. Circuit Court of Houston Cty., Ala.*, No. 2:14-CV-703, 2014 WL 4184731, at *2 (M.D. Ala. Aug. 22, 2014) (unpublished), to rule on a state habeas petition, *Morris v. Carter*, No. 1:13-cv-899, 2014 WL 3809398, at *4 n.5 (N.D. Ga. Aug. 1, 2014) (unpublished), or to allow the plaintiff to proceed without paying a filing fee, *Grider v. Thomas*, No. 2:12-cv-2674, 2013 WL 2443828, at *3 (N.D. Ala. June 5, 2013) (unpublished). An involuntary dismissal for lack of subject-matter jurisdiction is without prejudice. *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984).

Even if Pridgeon's request for "immediate release—discharge to lesser restrictive environment as enjoyed by other similarly situated mentally ill persons subject to criminal prosecution," Doc. 2 at 2, could be construed as an application for

a writ of mandamus, dismissal without prejudice based on lack of subject-matter jurisdiction would be warranted because, without subject-matter jurisdiction on another basis, this Court is without authority to direct the state court to place Pridgeon somewhere else during his period of incompetency.

*3.   Section 1983*

Section 1983 authorizes a "suit in equity, or other proper proceeding for redress," against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. While § 2241 is the vehicle to challenge the fact of pre-trial confinement, § 1983 is the vehicle to challenge the conditions of pre-trial confinement, *Nelson v. Campbell*, 541 U.S. 637, 643 (2004), regardless of whether the plaintiff seeks monetary or injunctive relief, *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

A plaintiff may not use § 1983 to seek a remedy against a State (or its officials acting in their official capacities) because it is not a "person" within the meaning of the statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64–71 (1989). A plaintiff may bring a § 1983 claim against a local government body but cannot succeed on a theory of respondeat superior; rather, he must identify a policy or custom that caused his injury. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Pridgeon's only complaints about his arrest concern his belief the arresting officer was egging him on and panhandling on public roads for necessities should not be a crime. *See* Doc. 1 at 5; Doc. 4 at 1; Doc. 6 at 2. He adds only vague allegations of

discrimination and denial of equal protection. *See generally* Docs. 1, 4, 6. His only complaint of "imminent danger" concerns the possibility that he will have to go through the process to reinstate social-security benefits. Doc. 1 at 8–9. His only complaints about the conditions of his confinement concern throwing away extra food and implausible allegations of racketeering and a planned attack on the world. Doc. 7. His only complaint of "deliberate indifference" is the fact of confinement. Doc. 1 at 9. Even if those complaints dispersed throughout his filings could be construed as an attempt to bring a § 1983 action, dismissal would be warranted for failure to allege a plausible constitutional violation.

4.     *Social Security*

42 U.S.C. § 405(g) and 1383(c)(3) limit judicial review of final decisions of the Commissioner of the Social Security Administration. Submission of a claim to the Social Security Administration is a non-waivable prerequisite for subject-matter jurisdiction. *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *accord Heckler v. Day*, 467 U.S. 104, 110 n.14 (1984); *Heckler v. Ringer*, 466 U.S. 602, 617 (1984).

Even if Pridgeon's request for an "order 'reinstating benefits' social security," Doc. 2 at 2, could be construed as an attempt to sue the Social Security Administration, dismissal without prejudice for lack of subject-matter jurisdiction would be warranted because he has not shown submission of a claim to the Social Security Administration. Indeed, his contention in the removal notice that he is in "imminent danger" of having to go through the lengthy recertification process with

the Social Security Administration indicates he has not yet made an agency claim. Doc. 1 at 8–9.

## III. Conclusion

I recommend entering an order remanding the case to the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, in *State of Florida v. Abraham Theodore Pridgeon, Jr.*, No. 16-2015-CF-9317-AXXX, and directing the clerk to (1) mail a certified copy of the remand order to the state clerk, (2) terminate all pending motions, and (3) close the case.[9]

**Entered** in Jacksonville, Florida, on June 20, 2016.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

Attachments

Copies to:

The Honorable Marcia Morales Howard

Abraham T. Pridgeon
North Florida Evaluation and Treatment Center
1200 NE 55th Blvd.
Gainesville, FL 32641

---

[9]"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.